PANTHER RUBBER MFG. CO. v. I. T. S. RUBBER CO.

(Circuit Court of Appeals, Sixth Circuit.   March 15, 1918.)

No. 2962.

PATENTS &—328—INFRINGEMENT—RUBBER HEEL ATTACHMENT.

The Ferguson patent, No. 638,228, for a rubber heel attachment for boot and shoe heels, has for an essential element and controlling feature a raised marginal portion on the upper side of the tip, leaving a substantial depression in the center.   As so construed, *held* not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John H. Clarke, Judge.

Suit in equity by the Panther Rubber Manufacturing Company against the I. T. S. Rubber Company.   Decree for defendant, and complainant appeals.   Affirmed.

For opinion below, see 234 Fed. 377.

Hull, Smith, Brock & West, of Cleveland, Ohio (Hubert Howson and I. L. Broadwin, both of New York City, of counsel), for appellant.

F. O. Richey, of Elyria, Ohio, and Charles A. Brown, of Chicago, Ill., for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and KILLITS, District Judge.

PER CURIAM.   Appellant, complainant below, charged the defendant, the appellee, with infringement of the Ferguson patent, No. 638,-228, granted December 5, 1899, for improvement in rubber heel attachments; this patent having been assigned before the commencement of this action to complainant.   The defendant raised the usual issues of anticipation, prior use, and a denial of validity of the Ferguson patent and of infringement thereof.   Interrogatories were allowed and answered on both sides, and thereupon the matter came before the court below on a motion for temporary injunction and upon defendant's motion to dismiss the bill.   The District Court denied the motion for preliminary injunction, and dismissed the bill upon defendant's motion and the evidence before it.   A memorandum was filed, which indicates that the court below was of the opinion that no infringement was shown.

Examining the record, exhibits, and affidavits, this court finds itself compelled to concur with the lower court.   The issue, by pleading and interrogatories, was narrowed to claim No. 1 of the Ferguson patent, which reads:

"A rubber heel attachment for boot and shoe heels, consisting of a heel section or body *1* molded to a concavo-convex form and provided with a raised marginal portion and openings therethrough, substantially as specified."

A reading of this claim upon the specifications and drawings of the patent leaves no doubt that the "raised marginal portion" with which the lift is to be provided as an essential element of claim 1 refers to

a margin on the upper side of the lift, left after the upper side by cutting away or in the operation of molding is provided with a substantial depression, which depression, entirely inclosed by a raised portion when the lift is engaged to the heel by the ordinary fastening, effects some adhesion through the power of suction. We concur in the theory of the court below that the claim of the complainant that the centrally located shallow channels or scorings in the shape of a shield in the rubber heel manufactured by the defendant results in a raised marginal portion is "entirely fanciful and impossible." There is too much emphasis placed upon the "raised marginal portion" in Ferguson's specifications, drawings, and claim to avoid the conclusion that that is an important and controlling feature of his invention. The drawings indicate that the raised margin incloses a very distinct depression, the depth of which is substantial. Upon the fact that the defendant, without depressing the upper surface of its lift, scores that surface with a shallow and very slender channel in the general outline of the lift itself, which channel incloses two lines of equally shallow and narrow scorings crossing each other at right angles, the whole forming a figure not unlike a shield with a cross, is predicated the claim of infringement. Not only are these two constructions very dissimilar in appearance, but it is not conceivable that defendant's scorings can perform the same functions claimed for complainant's depression inclosed by the continuous "raised marginal portion." Complainant does indeed insist that Ferguson was original in bringing in the element of a concavo-convex lift, but the patent has no claim for that feature, except in combination with the element of a "raised marginal portion."

We find it unnecessary to pass upon the propriety of the practice, followed below, of considering the question of infringement upon motion in advance of final hearing, for no conflict of fact was presented, no prejudice has resulted, and plaintiff desires the case disposed of on the present appeal.

The decree of the District Court is affirmed, with costs.